# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1290 |
| | ) | Judge Nora Barry Fischer |
| PENNSYLVANIA HUMAN RELATIONS COMMISSION, JOSEPH RETORT, ADAM STALCZYNSKI, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court are Defendant Pennsylvania Human Relations Commission's ("PHRC") Partial Motion to Dismiss, (Docket No. [12]), and its Brief and Support (Docket No. [13]), and Plaintiff's Brief in Opposition thereto, (Docket No. [14]). Upon consideration of the parties' positions, and after evaluating the averments in Plaintiff's Amended Complaint, (Docket No. [10]), in light of the relevant legal standard on a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted, *see e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010), Defendant's Partial Motion to Dismiss [12] is GRANTED.

This is an employment discrimination case wherein Plaintiff claims that she was constructively discharged by the PHRC in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; Title VII, 42 U.S.C. § 2000e; and, the Pennsylvania Human Relations Act, 43 P.S. §§

951-963. (Docket No. 10). She has also set forth claims against two individuals (Joseph Retort and Adam Stalczynski) under the PHRA and 42 U.S.C. § 1983, although she has yet to serve her Amended Complaint on such individuals and they have yet to appear to defend this lawsuit. (Docket No. 10). The instant partial motion to dismiss filed by the PHRC argues that Plaintiff's claims under the ADA, ADEA and PHRA must all be dismissed for lack of subject matter jurisdiction as it is immune from such suits by private individuals under the Eleventh Amendment. (Docket Nos. 12, 13). The PHRC has not moved to dismiss the Title VII count and has not addressed the claims against the individual defendants. (*Id.*). Plaintiff opposes the dismissal setting forth cursory arguments which, in this Court's opinion, do not suffice to overcome the valid assertion by the PHRC of its Eleventh Amendment immunity to Plaintiff's ADA, ADEA and PHRA claims. (*See* Docket No. 14).

In so holding, the law is well established that "[a]s a state agency, the PHRC and its employees, acting in their official capacities, are entitled to sovereign immunity" under the Eleventh Amendment as to federal claims brought by private individuals against it under the ADEA and ADA.[1] *Gary v. Pennsylvania Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012); *see also Philips v. James et al.*, 2014 WL 1652915 (W.D. Pa. Apr. 23, 2014) (C.J. Conti) ("The PHRC, as an administrative state agency, is also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys."). To this end, the Commonwealth has not consented to be sued, *see* 1 Pa. C.S. § 2310, 42 Pa. C.S. § 8521(a), and Congress has not expressly abrogated the Commonwealth's immunity from private employment discrimination

---

[1] The Court notes that Title I ADA and ADEA claims brought by the United States or an agency thereof against a Commonwealth agency are not so barred, as recently discussed in *U.S. E.E.O.C. v. Court of Common Pleas of Allegheny County, Fifth Judicial District of Pennsylvania*, ---- F. Supp. 3d ----, 2014 WL 5243500 (W.D. Pa. Oct. 15, 2014).

lawsuits under Title I of the ADA[2] or the ADEA. *See e.g., Bullock v. Pennsylvania Human Relations Comm'n*, No. CIV.A. 05-00386, 2005 WL 2250826, at *2 (E.D. Pa. Sept. 14, 2005) (citing *Bd. Of Tr. Univ. of Al. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Kimmel v. Fla. Bd. of Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) ("The U.S. Supreme Court has specifically held that Congress failed to abrogate the states' Eleventh Amendment immunity with regard to both Title I ADA and ADEA claims.")). Further, applicable precedent is clear that the Commonwealth has not waived its sovereign immunity from lawsuits filed in federal court under the PHRA; instead, it has only waived immunity to be sued under the PHRA in state court. *See Patterson v. PA Office of Inspector General*, 243 F. App'x 695 (3d Cir. 2007) (Commonwealth has not waived its immunity from suits under PHRA in federal court). Accordingly, Plaintiff's claims setting forth private violations of Title I of the ADA, the ADEA and the PHRA against the Pennsylvania Human Relations Commission must be dismissed for lack of subject matter jurisdiction.

The cases relied upon by Plaintiff in opposition to this motion either support dismissal and/or are distinguishable from the present matter. (*See* Docket No. 14). Initially, a careful reading of the decision in *Nelson v. Comm. of Pennsylvania Dept. of Public Welfare*, 244 F. Supp. 2d 382 (E.D. Pa. 2002), reveals that the Court's rulings fully support dismissal in this case because that Court dismissed the Title I ADA and the PHRA claims for lack of subject matter jurisdiction for the same reasons set forth herein. Next, in *Boone v. Pennsylvania Office of Vocational Rehabilitation*, 373 F. Supp. 2d 484 (M.D. Pa. 2005), the Court held that the Commonwealth agency waived its sovereign immunity by removing the case to federal court and the Court's

---

[2] The Court notes that Title I of the ADA covers employment discrimination claims and that courts have repeatedly recognized that employment discrimination claims may not be prosecuted under Title II of the ADA. *See e.g., Coleman v. Pennsylvania State Police*, 2013 WL 3776928 at *24-26 (W.D. Pa. Jul. 17, 2013).

reasoning has no applicability to this case which was filed in federal court by Plaintiff. Similarly, Plaintiff's citation to an individual case in the Middle District of Pennsylvania to which the immunity defense was not raised cannot demonstrate a waiver of sovereign immunity in her individual case as the defense has been raised by the PHRC. (*See* Docket No. 14). Further, the Supreme Court of Pennsylvania's decision in *SEPTA v. City of Philadelphia*, 101 A.3d 79 (Pa. 2014) simply has no bearing on whether the PHRC waived its sovereign immunity from suit under the PHRA in federal court as it discusses a state lawsuit brought by a state agency against the City of Philadelphia. Finally, the remainder of Plaintiff's arguments are policy-based and have repeatedly been overruled by federal courts. *See Bullock*, 2005 WL 2250826, at *2.

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [12] is GRANTED;

IT IS FURTHER ORDERED that Counts I and III of Plaintiff's Amended Complaint are dismissed, with prejudice as to the ADA and ADEA claims and Counts I, II, and III are dismissed, without prejudice, as to the PHRA claims, which Plaintiff may refile in the appropriate state tribunal;

IT IS FURTHER ORDERED that Defendant shall file its Answer to the remaining claim against it under Title VII by **January 27, 2015**; and,

FINALLY, the parties are advised that the Court will not schedule an initial case management conference under Rule 16 until all parties have appeared and joined this action.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: January 13, 2015
cc/ecf: All counsel of record.